UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>SWARM SHARING HASH FILE A3E6F65F2E3D672400A5908F64ED55B66A0880B8; AND DOES 1 through 9,<br><br>      Defendants. | Civil Action No. 11-cv-10801-WGY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR A 90 DAY ENLARGEMENT OF TIME TO SERVE COMPLAINT**

The plaintiff Liberty Media Holdings, LLC ("Liberty") respectfully moves *ex-parte* for an order pursuant to Federal Rule of Civil Procedure 4(m) to enlarge the period of time to effect service by 90 days, through and including December 2, 2011. Liberty has acted diligently to identify the anonymous John Doe infringers, but it requires additional time to obtain all subscriber records and to complete its preliminary investigation to confirm its good faith bases to bring suit against the individuals associated with the internet protocol ("IP") address identified in the complaint.

**BACKGROUND**

Liberty filed the present copyright infringement suit on May 6, 2011, against nine John Doe defendants, each of whom were identified solely by their IP address and the date and time of infringement. In parallel with this suit, Liberty also filed *Liberty Media Holdings, LLC v. AE3 Swarm & Does 1–38*, 11-cv-10802-WGY (the "AE3 Swarm"), which contained similar allegations against a separate BitTorrent Swarm infringing the same copyrighted work. A similar motion to extend is being filed concurrently herewith in the AE3 Swarm litigation.

Shortly after the complaint was filed, Liberty moved for early discovery to subpoena the relevant subscriber records from the Doe's internet services providers ("ISPs"), so as to uncover

their identities.  The Court granted this motion for early discovery on May 10, 2011 and Liberty diligently served subpoenas on the ISPs the very next day.

Under the terms of the Court Order authorizing early discovery, the ISPs were given seven days to investigate and notify subscribers that their information was subject to a subpoena.  The subscribers, in turn, were given 21 days to object to the subpoena.  In practice, however, many of the ISPs required additional time to notify their respective subscribers.  Since these requests were reasonable measures to minimize the subpoena's burden, Liberty Media agreed to give the ISPs the additional time they requested.

To date, Liberty has only received subscriber information for six of the nine Does identified in the complaint, as it has yet to receive complete subscriber information from Verizon.  Verizon is working with Liberty to rectify the defect in its subpoena response.  For the records it has received, Liberty has initiated a good faith investigation to confirm its basis for bringing suit in this jurisdiction against the identified subscriber.  Liberty, however, requires additional time to conclude these investigations.

**ARGUMENT**

Liberty respectfully submits that, since it has prosecuted this case diligently within the confines of the law, it has demonstrated good cause to extend the deadline to serve the complaint.  *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."); *Voltage Pictures, LLC v. Does 1–5,000*, __ F.Supp.2d __, 2011 WL 1807438, n.2 (D.D.C 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days obtain identifying information).

The time that it has taken to identify and serve the John Doe defendants is attributable to the inherent difficulty of learning the identity of the anonymous internet users who are infringing Liberty's copyright.  Liberty has moved promptly to subpoena the required information from the ISPs, and it has worked diligently with the ISPs to secure their compliance.  However, it still has not received all the subscriber information it requires to formally name all the defendants identified in the complaint.  Moreover, due to the delay in receiving subscriber records, Liberty requires additional time to conclude its good faith investigation into the subscriber information it has received.  Thus, an extension of the service deadline is warranted.

In addition, it is in the interest of judicial economy to keep this proceeding in lock-step with the parallel AE3 Swarm litigation, which is presently pending before the court. While they involve separate groups of defendants, both the A3E Swarm and AE3 Swarm litigations involve many overlapping questions of law and fact that will be more efficient to consider and resolve if these cases remain on similar schedules.

## CONCLUSION

Liberty has diligently set to the task of identifying the anonymous internet users who are infringing its copyright. It, however, requires additional time to complete the task and thus requests and additional 90-day extension of time to effect service.

Dated: August 25, 2011                                       Respectfully submitted,

                                                             LIBERTY MEDIA HOLDINGS, LLC

                                                             By its attorneys,

                                                             /s/ Aaron Silverstein
                                                             Aaron Silverstein, Esq.
                                                             (BBO #660716)
                                                             SAUNDERS & SILVERSTEIN LLP
                                                             14 Cedar Street, Suite 224
                                                             Amesbury, MA 01913
                                                             P: 978-463-9100
                                                             F: 978-463-9109
                                                             E: asilverstein@massiplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants. Copies of this pleading will be served on the John Doe defendants when they make an appearance in the case.

      /s/ Aaron Silverstein
      Aaron Silverstein